```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KIA TANG, derivatively on behalf of            :
COUPANG, INC.,                                 :
                                               :
                              Plaintiff,       :
                                               :         23-CV-7239 (VSB)
              - against -                      :
                                               :
BOM SUK KIM, GAURAV ANAND, NEIL                :
MEHTA, BENJAMIN SUN, MICHAEL                   :
PARKER, MATTHEW CHRISTENSEN,                   :
LYDIA JETT, HARRY YOU, and KEVIN               :
WARSH,                                         :
                                               :
                              Defendants       :
                                               :
                 and                           :
                                               :
COUPANG, INC.,                                 :
                                               :
                       Nominal Defendant.      :
------------------------------------------------------------X
AIMEE BRYAN, derivatively on behalf of         :
COUPANG, INC.,                                 :
                                               :
                              Plaintiff,       :
                                               :         23-CV-7445 (VSB)
              - against -                      :
                                               :
BOM SUK KIM, NEIL MEHTA,                       :
BENJAMIN SUN, KEVIN WARSH,                     :
GAURAV ANAND, HARRY YOU,                       :
MATTHEW CHRISTENSEN, LYDIA JETT,               :
and MICHAEL PARKER,                            :
                                               :
                              Defendants       :
                                               :
                 and                           :
                                               :
COUPANG, INC.,                                 :
                                               :
                       Nominal Defendant.      :
------------------------------------------------------------X
```

```
------------------------------------------------------X
MARK HATTORI and SUSAN NEWMAN,              :
derivatively on behalf of COUPANG, INC.,    :
                                            :
                         Plaintiffs,        :
                                            :
              - against -                   :        23-CV-11043 (VSB)
                                            :
GAURAV ANAND, MATTHEW                       :        OPINION & ORDER
CHRISTENSEN, LYDIA JETT,                    :
BEOMSEOK KIM, NEIL MEHTA,                   :
MICHAEL PARKER, BENJAMIN SUN,               :
KEVIN WARSH, and HARRY YOU,                 :
                                            :
                         Defendants         :
                                            :
              and                           :
                                            :
COUPANG, INC.,                              :
                                            :
                  Nominal Defendant.        :
------------------------------------------------------X
```

Appearances:

Erica L. Stone
Phillip C. Kim
Laurence Matthew Rosen
The Rosen Law Firm
New York, NY
*Counsel for Plaintiff Kia Tang*

Timothy John MacFall
Rigrodsky Law
Garden City, NY
*Counsel for Plaintiff Aimee Bryan*

Laurence P. Eagel
Brager, Eagel & Squire
New York, NY
*Counsel for Plaintiffs Mark Hattori and Susan Newman*

2

Andrew James Ehrlich
Brette Morgan Tannenbaum
Paul, Weiss, Rifkind, Wharton & Garrison LLP
New York, NY
*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

Before me are identical pleadings titled "Joint Stipulation and [Proposed] Order Regarding Consolidation of Related Actions, Appointment of Co-Lead Counsel, and Schedule" filed in three shareholder derivative actions. (*Tang* Doc. 14; *Bryan* Doc. 7; *Hattori* Doc. 11.[1]) I interpret this document as motions to consolidate the three related cases and for the appointment of lead counsel.[2] For the reasons that follow, the motions are GRANTED.

**I.    Background**

Each of the *Tang*, *Bryan*, and *Hattori* actions (the "derivative actions" or "actions") relate to alleged misconduct of Defendant Coupang, Inc. ("Coupang") and its officers between March 11, 2021 and March 15, 2022 (the "Relevant Period"). (*Tang* Compl. ¶ 1; *Bryan* Compl. ¶ 1; *Hattori* Compl. at 1; *id.* ¶ 1.[3]) Coupang is a large e-commerce company known as the "Amazon of South Korea." (*E.g. Tang* Compl. ¶ 2–3.) Coupang experienced a period of rapid growth, and in February 2021 filed a registration statement with the Securities and Exchange Commission ("SEC"), effective March 10, 2021, in preparation for an initial public offering ("IPO") of its

---

[1] The captions and respective Southern District of New York case numbers are: *Tang v. Kim et al.*, No. 23-CV-7239 ("*Tang*"); *Bryan v. Kim et al.*, No. 23-CV-7445 ("*Bryan*"); and *Hattori et al. v. Anand et al.*, No. 23-CV-11043 ("*Hattori*"). Unless otherwise noted, citations to case documents in this Order refer to the italicized last name of the first lead plaintiff in the cited document, followed by the relevant document number.

[2] I consider the stipulations to be motions seeking consolidation and appointment of co-lead counsel despite the fact that it does not meet the technical requirements of a motion because there are no memoranda of law, (S.D.N.Y. Loc. R. 7.1), because the stipulations and the documents attached advocate for my approval.

[3] "*Tang* Compl." refers to the Complaint in the *Tang* action. (*Tang* Doc. 1.) "*Bryan* Compl." refers to the Complaint in the *Bryan* action. (*Bryan* Doc. 1.) "*Hattori* Compl." refers to the Complaint in the *Hattori* action. (*Hattori* Doc. 1.)

shares. (*Id*. ¶ 5.) The Relevant Period of each action is identical and spans an approximately one-year period following the effective date of Coupang's registration statement.

Plaintiff Kia Tang filed her Complaint on August 16, 2023, naming officers of Coupang as Defendants ("Officer Defendants"[4]) and Coupang, Inc. as the Nominal Defendant. (*Tang* Compl. at 55.) The misconduct she alleges relates to: (1) the March 24, 2021 death of a new Coupang delivery worker, (*id*. ¶ 6); (2) Coupang's alleged misuse of its merchants' trade material and an associated Korean government investigation, (*id*. ¶¶ 8, 10, 12); (3) Coupang's alleged price fixing and an associated Korean government investigation (*id*. ¶¶ 17, 21); (4) the June 17, 2021 fire in Coupang's largest fulfillment center and an ensuing boycott of Coupang, (*id*. ¶¶ 14, 15, 20); and (5) additional allegations that Coupang's operations did not comply with South Korean law, (*id*. ¶¶ 27, 29). Tang alleges that the Officer Defendants "willfully or reckless made and/or caused Coupang to make false and misleading statements that failed to disclose" certain truths relating to the misconduct described above. (*Id*. ¶ 31.) As a result, Tang alleges that the Officer Defendants were unjustly enriched, caused Coupang's share price to fall, and exposed Coupang to a separate securities fraud class action lawsuit (the "Securities Class Action"[5]). (*Id*. ¶ 33.)

The *Tang* Complaint asserts six claims alleging that: (1) the alleged materially false and misleading statements of the Officer Defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78(j), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b–5, (*Tang* Compl. ¶ 173–79); (2) the Officer Defendants' allegedly false statements breached their fiduciary duties

---

[4] The *Tang*, *Bryan*, and *Hattori* complaints name the same Officer Defendants: Bom Suk Kim, Gaurav Anand, Neil Mehta, Benjamin Sun, Michael Parker, Matthew Christensen, Lydia Jett, Harry You, and Kevin Warsh. (*Tang* Compl. ¶¶ 43–51; *Bryan* Compl. ¶¶ 24–32; *Hattori* Compl. ¶¶ 10-18.)

[5] "Securities Class Action" refers to a securities fraud class action filed August 26, 2022 and currently pending before me. *See Choi v. Coupang, Inc. et al.*, No. 22-CV-7309 (S.D.N.Y. Aug. 26, 2022), ECF No. 1.

4

to Coupang, (*id*. ¶¶ 180–89); (3) the Officer Defendants' allegedly false statements unjustly enriched the Officer Defendants, (*id*. ¶¶ 190–94); (4) "Defendants Kim's and Anand's willful and/or reckless violations of their obligations as [the Chief Executive Officer and Chief Financial Officer, respectively,] of Coupang" will cause it to face liability in the Securities Class Action, and therefore Kim and Anand are liable for contribution and indemnification under Sections 10(b) and 21D of the Exchange Act, 15 U.S.C. §§ 78j(b), 78u-4(f), (*Tang* Compl. ¶¶ 195–200); (5) the Officer Defendants are liable under Section 11(f) of the Exchange Act, 15 U.S.C. § 77k(f)(1), for contribution as joint tortfeasors of the conduct underlying the Securities Class Action, (*Tang* Compl. ¶¶ 200–09); and (6) Defendants Kim, Anand, and Parker grossly mismanaged Coupang, (*id*. ¶¶ 210–214). Tang seeks a declaratory judgment, an order that Defendants improve Coupang's corporate governance by putting forward various amendments to the company's bylaws, that damages and restitution be awarded to Coupang, and an award of attorneys' fees and costs. (*Id*. at 53–54.)

      Plaintiff Aimee Bryan filed her Complaint on August 22, 2023 against the Officer Defendants and Coupang, Inc. as the Nominal Defendant. (*Bryan* Compl. at 51.) The misconduct alleged in the *Bryan* Complaint is substantially the same misconduct alleged in the *Tang* Complaint. (*Bryan* Compl. ¶¶ 5–16.) *Bryan* Complaint contains six counts: (1) Count I, that the alleged materially false and misleading statements of the Officer Defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78(j), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b–5, (*Bryan* Compl. ¶ 157–64); (2) Count II, that the Officer Defendants are liable under Section 11(f) of the Exchange Act, 15 U.S.C. § 77k(f)(1), for contribution as joint tortfeasors of the conduct underlying the Securities Class Action, (*Bryan* Compl. ¶¶ 165–74); (3) Count III, that the Officer Defendants' allegedly false statements breached the Officers' fiduciary

duties to Coupang, (*id.* ¶¶ 175–81); (4) Count IV, that the Officer Defendants' aided and abetted each others' breaches of their fiduciary duties, (*id.* ¶¶ 182–84); (5) Count V, that the Officer Defendants were unjustly enrichment, (*id.* ¶¶ 185–89), and (6) Count VI, that the Officer Defendants wasted corporate assets, (*id.* ¶¶ 190–94.) Bryan seeks the same declaratory, monetary, and injunctive relief as Tang. (*Bryan* Compl. at 50.)

Plaintiffs Mark Hattori and Susan Newman filed their Complaint on December 20, 2023 against the Officer Defendants and Coupang, Inc. as the Nominal Defendant. (*Hattori* Compl. at 51.) The misconduct alleged in the *Hattori* Complaint is the same misconduct outlined in the *Tang* and *Bryan* Complaints, (*Hattori* Compl. ¶¶ 1–3). The Hattori Plaintiffs seek the same relief as the *Tang* and *Bryan* Plaintiffs, (*id.* at 53–54), raising six similar claims against the Officer Defendants for breaches of fiduciary duties, liability for aiding and abetting the same, contribution, indemnification, unjust enrichment, and corporate waste, (*id.* ¶¶ 179–218).

On September 8, 2023, Tang filed a document titled "Joint Stipulation and [Proposed] Order Regarding Consolidation of Related Actions, Appointment of Co-Lead Counsel, and Schedule", seeking to consolidate the *Tang* and *Bryan* actions and the appointment of counsel for Tang and Bryan as co-lead counsel of the consolidated actions. (*Tang* Doc. 13.)

On September 16, 2024, *Tang*, *Bryan*, and the *Hattori* Plaintiffs filed identical proposed stipulation and orders, similar to Tang's 2023 filing, seeking consolidation of the three actions and the appointment of counsel for Tang and Bryan as co-lead counsel of the consolidated actions. (*Tang* Doc. 14; *Bryan* Doc. 7; *Hattori* Doc. 11.) Defendant does not oppose consolidation or the appointment of co-lead counsel.

## II. Discussion

### A. *Consolidation*

Plaintiffs seek consolidation of the actions pursuant to Federal Rule of Civil Procedure 42(a). Consolidation is a "valuable and important tool of judicial administration." *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1006 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996). Under Rule 42(a), when separate actions before a district court involve a common question of law or fact, the court may "consolidate the actions." Fed. R. Civ. P. 42(a)(2). Essentially, Rule 42 is "invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation marks omitted). It is well-settled that Rule 42 gives a district court broad discretion to consolidate legal actions *sua sponte*. *Id.* Indeed, where judicial economy is concerned, a district court will generally consolidate actions. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation."); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("Considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." (quoting *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970))). "Although the Court may consolidate cases *sua sponte*, when a party moves for consolidation, the moving party bears the burden of demonstrating that the actions should be consolidated." *Ekpe v. City of New York*, No. 20-CV-8248, 2021 WL 5999204, at *2 (S.D.N.Y. Dec. 20, 2021) (citing *Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204, 206 (S.D.N.Y. 1971)).

The *Tang*, *Bryan*, and *Hattori* Complaints involve the same conduct of the same Officer Defendants and seek the same relief. (*See supra* § I.) Although the Complaints are not identical,

7

they all share common questions of law and fact, including whether each Officer Defendant made materially false or misleading statements, and, if so, whether the Officer made such statements with a legally culpable state of mind. *Cf. In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 267–68 (S.D.N.Y. 2009) (consolidating substantially related shareholder derivative actions despite slight differences among each case). Defendants agree that consolidation is appropriate. (*See Tang* Doc. 14 at 3; *Bryan* Doc. 7 at 3; *Hattori* Doc. 11 at 3.) Therefore, Pursuant to Federal Rule of Civil Procedure 42(a) and to promote judicial convenience and economy, I will grant the motions to consolidate the *Tang*, *Bryan*, and *Hattori* actions.

### B. *Appointment of Co-Lead Counsel*

Plaintiffs also seek the appointment of The Rosen Law Firm, P.A., counsel for Plaintiff Tang, and Rigrodsky Law, P.A., counsel for Plaintiff Bryan, as "Co-Lead Counsel" for the consolidated cases. (*Tang* Doc. 14 at 4–5; *Bryan* Doc. 7 at 4–5.) "The appointment of . . . lead counsel in a consolidated shareholder derivative litigation is a matter of discretion." *In re Frontier Commc'ns Corp. Derivative Litig.*, No. 3:17-CV-1792, 2018 WL 3553332, at *3 (D. Conn. July 23, 2018) (quoting *In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849, 2006 WL 3761986, at *1 (E.D.N.Y. Sept. 22, 2006)). "Even though shareholder derivative actions are not subject to the same requirements [governing the appointment of lead counsel] as those in the PSLRA, courts have often undertaken the [PSLRA] analysis in appointing lead plaintiffs in the interest of judicial convenience and economy." 9A Fed. Prac. & Proc. Civ. § 2385 (3d ed.); *see also Peters on Behalf of Eastman Kodak Co. v. Continenza*, No. 6:21-CV-6567, 2022 WL 167540, at *3 (W.D.N.Y. Jan. 18, 2022). The ultimate inquiry is whether, in the

Court's discretion, lead counsel has "the capabilities . . . to effectively litigate a shareholder derivative case." *In re Converse*, 2006 WL 3761986, at *3.

Having reviewed the resumes of The Rosen Law Firm, (*see generally Tang* Doc. 14-1 ("Rosen Resume")), and Rigrodsky Law (*see generally Tang* Doc. 14-2 ("Rigrodsky Resume")), I find the firms are capable of effectively litigating these consolidated actions as co-lead Counsel. The Rosen Resume indicates the attorneys at the Firm have decades of experience litigating complex securities actions across the United States, and that the firm has acted as lead and co-lead counsel in dozens of such cases. (Rosen Resume at 1–10 (detailing experience of firm's 25 attorneys); *id*. at 11–18 (listing over 130 cases firm has achieved verdicts greater than $1 million); *id*. at 18–22 (listing over 50 cases in which firm currently is lead or co-lead counsel.) Although Rigrodsky Law is smaller than The Rosen Law Firm, the Ridrosky Resume also describes Rigrodsky Law as having attorneys with decades of experience litigating complex securities actions across the United States, and the firm has acted as lead and co-lead counsel in dozens of such cases. (Rigrodsky Resume at 13–15 (describing experience of firm's 6 attorneys); *id*. at 1–12 (describing over 30 of firm's securities representations, including settlements of $70 million and $20 million).) Neither counsel for the *Hattori* Plaintiffs nor counsel for Defendants opposes the appointment of these firms as co-lead counsel. Therefore, I will permit The Rosen Law Firm and Rigrodsky Law to act as co-lead counsel in the consolidated action.

### III. **Conclusion**

For the foregoing reasons, it is hereby:

ORDERED that the *Tang*, *Bryan*, and *Hattori* actions shall be consolidated pursuant to Federal Rule of Civil Procedure 42(a).

IT IS FURTHER ORDERED that The Rosen Law Firm and Ridrosky Law shall be appointed as co-lead counsel for Plaintiffs in the consolidated actions.

A Joint Stipulation and Order Regarding Consolidation of Related Actions, Appointment of Co-Lead Counsel, and Schedule will issue concurrently with this Opinion & Order.

SO ORDERED.

Dated: October 10, 2024
      New York, New York

                                                  _____
                                                  Vernon S. Broderick
                                                  United States District Judge